## UNITED STATES v. KEPPLER et al.

(Circuit Court of Appeals, Third Circuit. September 23, 1924.)

No. 3112.

**1. Witnesses ☞255(4)—Testimony of witness based on memorandum made by another held not evidence entitled to consideration.**

In proceedings to abate liquor nuisance, testimony by prohibition officer as to facts brought to his mind for the first time by a memorandum made by another *held* not evidence which could be considered by the court.

**2. Appeal and error ☞203(½)—Circuit Court of Appeals not required to decide questions not raised at trial.**

Circuit Court of Appeals is not required to decide question as to required degree of proof, when not raised at trial.

Appeal from the District Court of the United States for the District of New Jersey; William N. Runyon, Judge.

Suit by the United States against Charles A. Keppler and the Oraton Investment Company to abate liquor nuisance. From a decree of dismissal, the United States appeals. Affirmed.

Walter G. Winne, U. S. Atty., of Hackensack, N. J., and Harlan Besson, Asst. U. S. Atty., of Hoboken, N. J.

James L. R. Lafferty, of Newark, N. J., for Oraton Inv. Co.

Before WOOLLEY and DAVIS, Circuit Judges, and THOMPSON, District Judge.

WOOLLEY, Circuit Judge. This appeal is from a decree of the District Court dismissing a bill to abate a liquor nuisance, filed by the United States under authority of section 22, title 2, of the National Prohibition Act. 41 Stat. 305 (Comp. St. Ann. Supp. 1923, § 10138½k). The complainant charged the defendants,—one as owner of the business and the other as owner of the premises,—with past violations of the cited act and prayed for an injunction restraining them from like violations in the future. The court based its decree of dismissal upon a finding that the evidence did not sustain the averments of the bill. To this finding in its several aspects the complainant directs this appeal.

The Government maintains first that the testimony, regarded en masse, amply sustains the bill. It was just here that the learned trial judge had trouble. If all the testimony were evidence, it would, without doubt, be sufficient. But much of that to which the witnesses testified was not evidence at all.

[1] The principal witnesses were prohibition agents who, because of the great number of cases in which they had taken part, had become confused and uncertain as to what they had done and seen in this case. Therefore they consulted the files of the director's office and, either with recollections refreshed or minds supplied with information, they went upon the stand. There it came out from the witness Carslake, that the file memoranda which he had examined had been made not by himself but by someone unknown to him and that much of what

he was testifying to came to him only from that source and, therefore, was not within his own knowledge. The files were not produced nor was an attempt made to prove their contents. This was not an instance of a witness who, though at one time knowing the facts, had lost all recollection of them and who by reference to memoranda was testifying from the record of a past recollection, The J. S. Warden, 219 Fed. 517, 520, 521, 135 C. C. A. 267; nor was it an instance of one testifying from a recollection refreshed or restored by memoranda of his own or by memoranda of another known by him to be correct. The J. S. Warden, supra. On the contrary, it was an instance of a witness testifying to facts brought to his mind for the first time by the memoranda of another. Of course, this was not evidence. Yet the witness testified to certain things which were within his knowledge. The confusion, however, was so complete that it was impossible for the learned trial judge (as, likewise, it is impossible for us) to distinguish between what the witness himself knew and what he had gleaned from others. In consequence, the court excluded all of his testimony. Lesser though somewhat similar difficulties arising in the testimony of other witnesses, the learned trial judge observed that the Government had opened several avenues of evidence and after entering upon them for a time had stopped before coming to the end of any one. In this, we think, he was right. But in the next sentence he said: "The Court in a matter of this kind wherein a penalty is involved must be satisfied beyond a reasonable doubt." Although it then stood silent, the Government has since fastened upon this expression as the standard which the judge set for himself in determining an issue of fact in a civil proceeding and now charges it as error.

[2] On this appeal we are not called upon to decide what rule of evidence should prevail in proceedings of this kind; first, because the question was not raised at the trial, and second, because the meaning of the expression, as used by the judge, is made clear by what followed. Continuing, he said: "I am not satisfied from the testimony as adduced here this afternoon that I have the right under the rules of evidence, that I have the right even under the language and intent and spirit of the Prohibition Act, to grant this relief. It seems to me as if the goal had almost been attained in several ways, but had never quite been reached." In so expressing himself it is evident that the learned trial judge, sitting as a chancellor, merely indicated that before he could grant the injunctive relief prayed for the evidence must be of a character to satisfy or convince him of wrongs done and threatened, and that the evidence in this case was not of that character.

The decree below is affirmed.